INDEPENDENT OIL CO., INC., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5981. Promulgated February 6, 1946.

*William W. Landis, Esq.*, and *Homer Hendricks, Esq.*, for the petitioner.

*William D. Harris, Esq.*, and *Brooks Fullerton, Esq.*, for the respondent.

198

OPINION.

Kern, *Judge*: In computing its excess profits tax for 1940 petitioner used the invested capital method in determining its excess profits credit. The petitioner was entitled to use either the income or the invested capital method in computing this credit, whichever resulted in the larger credit. In the computation of equity invested capital under the invested capital method, petitioner included "property paid in for stock" at cost, viz., the fair market value of the petitioner's stock paid for the old company's property, namely $3,156,558.67.[3]

Respondent asserts that under the invested capital method the petitioner should not have included "property paid in for stock" at cost, but rather at the basis of the property to the petitioner's transferor. Using the latter basis, the resulting excess profits credit is less than the credit which would have been obtained under the income method. Therefore, the respondent used the income method in determining the deficiency, and he urges that petitioner should also be required to do so.

Section 718 (a) (2) of the Internal Revenue Code provides that, in determining equity invested capital, "property paid in for stock" shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange.[4] According to section 113 (a) of the

---

[3] Regulations 109 provides, *inter alia:*

"Sec. 30.718-1. * * * For the purpose of determining equity invested capital, the amount of any property paid in is the unadjusted basis to the taxpayer for determining loss upon a sale or exchange under the law applicable to the taxable year for which the invested capital is being computed. * * *

"If the basis to the taxpayer is cost and stock was issued for the property, the cost is the fair market value of such stock at the time of its issuance * * *."

[4] SEC. 718. [I. R. C.]. EQUITY INVESTED CAPITAL. [As amended by the Second Revenue Act of 1940.]

(a) DEFINITION.—The equity invested capital for any day of any taxable year shall be

code, the basis (unadjusted) of property for determining loss shall be the cost of such property, unless it comes within one of the exceptions specified in section 113 (a). Only two exceptions, (7) and (8), listed in 113 (a) could be applicable to the case under consideration, and our task is to ascertain whether this matter comes within one of those exceptions.[5]

The applicable provisions of section 113 (a) of the Internal Revenue Code are:

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(7) TRANSFERS TO CORPORATION.—If the property was acquired—

(A) after December 31, 1917, and in a taxable year beginning before January 1, 1936, by a corporation in connection with a reorganization, *and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, or*

(B) in a taxable year beginning after December 31, 1935, by a corporation in connection with a reorganization,

then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made \* \* \* [Emphasis supplied.]

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

(A) by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) \* \* \* then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

The respondent urges that the "property paid in for stock" was acquired in a transaction described in section 112 (b) (5) and that under section 113 (a) (8) the petitioner's basis for computing loss should be the same as the basis to the petitioner's transferor (the old company).

Section 112 (b) (5), Internal Revenue Code, provides:

(5) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and *immediately after the exchange such person or persons are in control of the corporation* \* \* \*. [Emphasis supplied.]

---

determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—

(2) PROPERTY PAID IN.—Property (other than money) previously paid in (regardless of the time paid in) for stock, or as paid-in surplus, or as a contribution to capital. Such property shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange. \* \* \*

[5] Section 113 (a) (12), Internal Revenue Code, which preserves the rules of basis established by the Revenue Act of 1932, and section 113 (a) (16), preserving the rules in the Revenue Act of 1934, are to the same effect as section 113 (a) (7) and (8), insofar as applicable here, and need not be considered separately.

"Control" as used in section 112 (b) (5) is defined in section 112 (h) of the code to mean the ownership of stock possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

The problem at hand may be stated as follows: Was the old company or its shareholders immediately after the exchange of property for the petitioner's stock, in control of the petitioner within the meaning of the statutory provisions quoted?

Let us review the essential facts. On January 31, 1930, a contract was entered into between Vacuum and the stockholders of the old company which provided that certain transactions should take place. Pursuant to that contract and all on the same date, April 4, 1930, the following steps were taken: (a) The old company transferred substantially all of its assets to the petitioner for all of the latter's stock; (b) then the old company transferred 75 percent of petitioner's stock outright to Vacuum and placed the remaining 25 percent in escrow where it was available to Vacuum at Vacuum's option; and (c) Vacuum transferred 22,978 shares of its stock, 8,786 shares of it in escrow, and the so-called "obligation" to the old company in exchange for the 75 percent of petitioner's stock.

Can it be said that under these facts the old company or its shareholders were in control of the petitioner immediately after the exchange of the property for petitioner's stock? We think not.

The entire operation was in accordance with a prearranged plan. The separate transfers were but component steps of a single transaction. It is well settled that the transaction must be viewed as a whole. *Diescher* v. *Commissioner*, 110 Fed. (2d) 90; certiorari denied; *Budd International Corporation* v. *Commissioner*, 143 Fed. (2d) 784; certiorari denied, 323 U. S. 802; *Halliburton* v. *Commissioner*, 78 Fed. (2d) 265; and *Spang, Chalfant & Co.*, 31 B. T. A. 721.

Here, the old company held a majority of petitioner's stock only momentarily at the most. In fulfillment of the preexisting contractual obligation, 75 percent of petitioner's stock was transferred outright to Vacuum immediately after being received by the old company. Obviously, the old company did not acquire "control" of the petitioner within the meaning of sections 113 (a) (8) and 112 (b) (5), and we so hold. *Budd International Corporation* v. *Commissioner, supra; Halliburton* v. *Commissioner supra; Bassick* v. *Commissioner*, 85 Fed. (2d) 8; certiorari denied, 299 U. S. 592; *Diescher* v. *Commissioner, supra; Heberlein Patent Corporation* v. *United States*, 105 Fed. (2d) 965.

It must likewise be held that the case at hand does not come within the exception expressed in section 113 (a) (7). In view of the express language of this section, it is immaterial that there was a reorganization as between the old company and the new company (petitioner

here), since immediately after the transfer of the property an interest or control in such property of 50 percent or more did not remain in the old company as required by section 113 (a) (7) if petitioner is to be required to take the basis of the old corporation. See *Commissioner v. Schumacher Wall Board Corporation*, 93 Fed. (2d) 79, 81; *Hazeltine Corporation v. Commissioner*, 89 Fed. (2d) 513; and *Spang, Chalfant & Co., supra.* Cf. *Bickford v. Helvering*, 98 Fed. (2d) 568.

Respondent relies upon the decision of the Circuit Court of Appeals in the case of *Commissioner v. First National Bank of Altoona*, 104 Fed. (2d) 865.

It is apparent that this case does not make the instant case *res judicata*, since different parties and different issues were there involved. However, in view of respondent's contentions and our respect for the court deciding it, we have examined the decision therein with care. It is our opinion that that case is not authority either expressly or by implication for the proposition that under all the facts present the old corporation or its stockholders retained such control over petitioner as to constitute the transfer of property to petitioner one covered by section 113. (a) (7) or (8) of the Internal Revenue Code. Since the instant case involves a question of basis only, it is section 113 which is controlling; and, as we have already pointed out, the question of whether there was a reorganization under section 112 is material only as it is made so by section 113 (a) (7) or (8).

Respondent in his opening statement advanced the view that sections 750 and 751 of the Internal Revenue Code, added by section 201 of the Second Revenue Act of 1940 and repealed by section 229 (b) of the Revenue Act of 1942 (see sec. 760, I. R. C.) are applicable to the situation here present. In his brief he makes no such contention and we assume therefore that he has abandoned this position.

We conclude that the petitioner was correct in its computation of equity invested capital in including "property paid in for stock" at the cost of said property, viz., the fair market value of petitioner's stock paid for this property, namely $3,156,558.67.

*Decision will be entered under Rule 50.*